# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2026

Lyle W. Cayce
Clerk

No. 26-20032
Summary Calendar

—————————

DEANA AYRES,

*Plaintiff—Appellant*,

*versus*

CHEMJET INTERNATIONAL, INCORPORATED, *doing business as* CHEMJET, INCORPORATED,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-3734

———————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Deana Ayres brought hostile work environment and retaliation claims against her employer under Title VII and Texas employment law. The district court granted summary judgment to the employer. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-20032

Ayres was hired by Defendant-Appellee ChemJet International, Inc. as a Logistics Coordinator in April 2021. Her duties included signing trucks in and out of ChemJet's facility and completing bills of lading. Ayres claims that while she was employed by ChemJet, she was subjected to sexual harassment by three people. First, former co-worker Charleston Franklin sent her a sexually explicit text message after his termination from ChemJet. Second, co-worker Clifford Thomas's wife repeatedly called Ayres and visited Ayres's home because she was upset Ayres communicated with Thomas. And third, Ayres's supervisor, Brandon Cameron, made continuous sexual advances to her, including comments about "wanting to sleep" with her, loving her hair and style, her "bending over" in front of him, and taking her to a nude resort.

Ayres also alleged an incident in which another co-worker, Bobby Perry, threatened to harm a supervisor. Ayres reported the threat to management and police. She alleges that after the incident, co-workers instructed others not to talk to her based on her involvement in the situation, and she felt isolated. Finally, Ayres avers she was denied an opportunity to earn overtime hours after reporting harassment.

In April of 2024, Ayres resigned from her position. She then sued ChemJet pursuant to Title VII and Texas employment law alleging two theories: hostile work environment and retaliation. In a thorough opinion, the district court granted summary judgment for ChemJet. We agree with the district court's well-reasoned conclusions, which Ayres does not meaningfully engage with on appeal.[1]

---

[1] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

No. 26-20032

First, the district court found Ayres failed to present a viable hostile work environment claim. It explained that two of the three alleged harassers were not employees of ChemJet. Charleston Franklin had been fired by ChemJet over a month before sending Ayres the explicit text message. And Ayres admitted in deposition that co-worker Clifford Thomas did not harass her; the harassment was perpetrated solely by his wife, who was not a ChemJet employee. The district court correctly observed that "Title VII nowhere confers an obligation on employers to see to it that their employees are free of sexual harassment or discrimination by non-employees *outside the workplace*."[2] Ayres offers no argument on appeal to rebut this conclusion.

As to the final harasser, supervisor Brandon Cameron, the district court recognized that his behavior arguably amounted to "indecent harassment." But it held that ChemJet had successfully established a "*Faragher/Ellerth*" affirmative defense. Where a supervisor takes no "tangible employment action" against the plaintiff, such as firing or demotion, the employer can avoid liability for a supervisor's harassment "by showing (1) that it exercised reasonable care to prevent and promptly correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided."[3]

Here, the district court noted that ChemJet provided Ayres with an Employee Handbook detailing an anti-harassment policy and directing her to report harassment either to a direct supervisor or to the Vice President of Operations. Ayres signed indicating her receipt of the handbook. But Ayres admitted in deposition that she never reported Cameron's harassment to

---

[2] *Whitaker v. Carney*, 778 F.2d 216, 221 (5th Cir. 1985).

[3] *Vance v. Ball State Univ.*, 570 U.S. 421, 430 (2013).

No. 26-20032

anyone with ChemJet. The district court thus found that ChemJet acted with reasonable care to prevent harassment and that Ayres had unreasonably failed to take advantage of the policy's directive to report harassment to the Vice President of Operations. It cited *Hockman v. Westward Communications, LLC*, where we affirmed summary judgment on a hostile work environment claim where the plaintiff failed to take action despite being provided with a written anti-harassment policy directing employees to report harassment to the Director of Human Resources.[4] On appeal, Ayres makes no attempt to distinguish *Hockman* or to otherwise argue that ChemJet's Employee Handbook failed to outline an appropriate reporting procedure. Accordingly, we agree with the district court's conclusion that ChemJet established a *Faragher/Ellerth* defense.

The district court also properly dismissed Ayres's retaliation claim. To bring a successful retaliation claim, a plaintiff must prove three elements: "1) that he is engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action."[5] Here, Ayres failed to establish any of these elements. Regarding protected activity, Ayres alleged in her complaint that she reported sexual harassment. But she submitted no summary judgment evidence to this effect. Accordingly, the only incident of reporting supported by the record is that Ayres told management that co-worker Bobby Perry had made a threat against a supervisor. It is not clear that this report qualifies as protected activity within the meaning of Title VII.[6] But even if it does,

---

[4] *See* 407 F.3d 317, 329–30 (5th Cir. 2004).

[5] *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004).

[6] Title VII only prohibits retaliation against an employee for opposing a practice "made [] unlawful" by the statute *itself*, such as race or gender-based discrimination. *See* 42 U.S.C. § 2000e–3(a). Reporting workplace safety violations, such as OSHA violations,

No. 26-20032

Ayres's claim also fails on the remaining elements. As to the adverse employment action, Ayres avers she was given less overtime hours after reporting harassment. But as the district court noted, Ayres fails to point to a decrease in overtime hours in her pay stubs, which are in the record. And regardless, Ayres does not offer any evidence tending to show causation between her reporting of the Bobby Perry threat and her purported reduction of overtime.

AFFIRMED.

---

is therefore not protected activity under Title VII. *See Washington v. M Hanna Construction, Inc.*, 299 F. App'x 399, 401 (5th Cir. 2008) (per curiam).